Alan G. Tippie (CA Bar No. 89587)
atippie@sulmeyerlaw.com
Dean G. Rallis Jr. (CA Bar No. 94266)
drallis@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
ahami@sulmeyerlaw.com
Tamar Kouyoumjian (CA Bar No. 254148)
tkouyoumjian@sulmeyerlaw.com
**SulmeyerKupetz**
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Bankruptcy Counsel for Zolite A. Scott,
Debtor and Debtor in Possession



FILED
OCT 30 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ZOLITE A. SCOTT,<br><br>Debtor. | Case No. 8:08-bk-13960 ES<br><br>Chapter 11<br><br>**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Disclosure Statement Hearing<br><br>DATE: _____, 2009<br>TIME: __:_0_ _.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 5A<br>411 West Fourth Street<br>Santa Ana, Ca 92701<br><br>Plan Confirmation Hearing<br><br>[TO BE SET]<br><br>[See Disclosure Statement for Voting and Objection Procedures] |

[TKOUYOUMJIAN\MTN\527132.9]

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION AND BACKGROUND | 2 |
| II. | DEFINITIONS | 3 |
| | 1. "Actions" | 3 |
| | 2. "Administrative Claim" | 3 |
| | 3. "Administrative Claimant" | 4 |
| | 4. "Administrative Tax Claim" | 4 |
| | 5. "Allowed Administrative Claim" | 4 |
| | 6. "Allowed Administrative Tax Claim" | 4 |
| | 7. "Allowed Claim" | 4 |
| | 8. "Allowed General Unsecured Claim" | 4 |
| | 9. "Allowed Priority Claim" | 4 |
| | 10. "Allowed Priority Tax Claim" | 4 |
| | 11. "Allowed Secured Claim" | 4 |
| | 12. "Allowed Secured Tax Claim" | 4 |
| | 13. "Alta Vista Property" | 4 |
| | 14. "Avoidance Actions" | 5 |
| | 15. "Ballot" | 5 |
| | 16. "Bankers Blanket Lien" | 5 |
| | 17. "Bankers Blanket Loan" | 5 |
| | 18. "Bankers Blanket Property" | 5 |
| | 19. "Bankers Blanket Properties" | 5 |
| | 20. "Bankers Brooks Loan" | 5 |
| | 21. "Bankers Juanita Loan" | 5 |
| | 22. "Bankers Lot 8 Loan" | 5 |
| | 23. "Bankers West" | 5 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | | |
|---|---|---|
| 24. | "Bankruptcy Code" | 6 |
| 25. | "Bankruptcy Rules" | 6 |
| 26. | "BofA" | 6 |
| 27. | "BofA Ceanothus First Loan" | 6 |
| 28. | "BofA Ceanothus Second Loan" | 6 |
| 29. | "BofA Lot 1 Loan" | 6 |
| 30. | "BofA Tehama Loan" | 6 |
| 31. | "Brooks Property" | 6 |
| 32. | "Business Day" | 6 |
| 33. | "Case" | 6 |
| 34. | "Cash" | 6 |
| 35. | "Ceanothus Property" | 6 |
| 36. | "Citi" | 6 |
| 37. | "Citi Lot 2 Loan" | 7 |
| 38. | "Claim" or "Claims" | 7 |
| 39. | "Claimant" | 7 |
| 40. | "Class" or "Classes" | 7 |
| 41. | "Coast Sotheby's" | 7 |
| 42. | "Confirmation Date" | 7 |
| 43. | "Confirmation Hearing" | 7 |
| 44. | "Confirmation Order" | 7 |
| 45. | "Countrywide" | 7 |
| 46. | "Countrywide First Loan" | 7 |
| 47. | "Countrywide Second Loan" | 7 |
| 48. | "Court" | 7 |
| 49. | "Debtor" | 7 |
| 50. | "Disbursing Agent" | 7 |
| 51. | "Disclosure Statement" | 8 |

| | | |
|---|---|---|
| 52. | "Disputed Claims" | 8 |
| 53. | "Effective Date" | 8 |
| 54. | "Estate" | 8 |
| 55. | "Final Order" | 8 |
| 56. | "General Unsecured Claim" | 8 |
| 57. | "Green Lantern Lot 1 Property" | 8 |
| 58. | "Green Lantern Lot 2 Property" | 8 |
| 59. | "Green Lantern Lot 8 Property" | 8 |
| 60. | "Impaired" | 8 |
| 61. | "Interest," "Interests," "Interest Holder" or "Interest Holders" | 9 |
| 62. | "Juanita Property" | 9 |
| 63. | "Lien" | 9 |
| 64. | "Loma Terrace Properties" | 9 |
| 65. | "Marilyn Property" | 9 |
| 66. | "Monterra 134 Property" | 9 |
| 67. | "Monterra 146 Property" | 9 |
| 68. | "Mystic Way Property" | 9 |
| 69. | "NBA" | 9 |
| 70. | "NBA Monterra 134 Loan" | 9 |
| 71. | "NBA Monterra 146 Loan" | 9 |
| 72. | "Net Proceeds" | 9 |
| 73. | "Person" | 10 |
| 74. | "Petition Date" | 10 |
| 75. | "Plan" | 10 |
| 76. | "Priority Claim" | 10 |
| 77. | "Priority Tax Claim" | 10 |
| 78. | "Property of the Estate" | 10 |
| 79. | "Raines" | 10 |

| | | |
|---|---|---|
| 80. | "Raines Lot 1 Loan" | 10 |
| 81. | "Raines Lot 2 Loan" | 10 |
| 82. | "Real Properties" | 10 |
| 83. | "Real Property" | 11 |
| 84. | "Real Property Tax Obligation" | 11 |
| 85. | "Reorganized Debtor" | 11 |
| 86. | "Sale Deadline" | 11 |
| 87. | "Secured Claim" | 11 |
| 88. | "Secured Lenders" | 11 |
| 89. | "Secured Loans" | 11 |
| 90. | "Tehama Property" | 11 |
| 91. | "Unimpaired" | 12 |
| 92. | "Unsecured Claim" | 12 |
| 93. | "Wells Fargo" | 12 |
| 94. | "Wells Fargo First Loan" | 12 |
| 95. | "Wells Fargo Second Loan" | 12 |

III. THE PLAN ........... 12
   A. Classification and Treatment ........... 12
   B. Unclassified Claims ........... 12
      1. Administrative Claims ........... 12
      2. Court Approval of Fees and Expenses Required ........... 14
      3. Priority Tax Claims ........... 15
   C. Classified Claims and Interests ........... 16
      1. Classes of Secured Claims ........... 16
      2. Classes of Priority Unsecured Claims ........... 32
      3. Class of General Unsecured Claims ........... 32
      4. Class of Interest Holders ........... 32
   D. Means of Effectuating the Plan ........... 33


Case 8:08-bk-13960-ES    Doc 112    Filed 10/30/09    Entered 11/09/09 08:59:51    Desc
Main Document    Page 6 of 17

|   |   |   |   |
|---|---|---|---|
|   |   | 1. Plan Funding | 33 |
|   |   | 2. Marketing and Sale of the Real Properties | 33 |
|   |   | 3. Post-Confirmation Management and Disbursing Agent | 34 |
|   | E. | Acceptance or Rejection of the Plan; Cramdown | 34 |
|   |   | 1. Acceptance by Impaired Classes of Claims and Interests | 34 |
|   |   | 2. Voting Classes | 35 |
|   |   | 3. Ballot Instructions | 35 |
|   |   | 4. Cramdown: Section 1129(b) of the Bankruptcy Code | 35 |
|   | F. | Other Provisions of the Plan | 35 |
|   |   | 1. Claims | 35 |
|   |   | 2. Accrual of Interest on Claims | 36 |
|   |   | 3. Distributions to be Made Pursuant to the Plan | 36 |
|   |   | 4. Avoidance Actions | 37 |
|   |   | 5. Exculpations, Releases and Injunction | 38 |
|   |   | 6. Executory Contracts And Unexpired Leases | 39 |
|   |   | 7. Changes in Rates Subject to Regulatory Commission Approval | 39 |
|   |   | 8. Retention Of Jurisdiction | 40 |
| IV. | EFFECT OF CONFIRMATION OF THE PLAN | | 42 |
|   | A. | Discharge | 42 |
|   | B. | Revesting of Property in the Reorganized Debtor | 43 |
|   | C. | Default | 44 |
|   | D. | Modification Of Plan | 44 |
|   | E. | Post-Confirmation Status Report | 45 |
|   | F. | Post-Confirmation Conversion/Dismissal | 45 |
|   | G. | Post-Confirmation United States Trustee Fees | 45 |
|   | H. | Final Decree | 45 |

## I.

## INTRODUCTION AND BACKGROUND

Zolite A. Scott is the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case").[1] The Debtor commenced the Case on July 9, 2008 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code").

Chapter 11 allows the Debtor to propose a plan of reorganization. **The instant document is the chapter 11 plan of reorganization (the "Plan")**. The Debtor is the party proposing the Plan. The Disclosure Statement relating to this Plan is being sent to you in the same envelope as this Plan. The Disclosure Statement has been approved by the Court and is provided to help you understand the Plan and make an informed decision whether to vote to accept or reject the Plan.

Throughout the Case, the Debtor has managed and continues to manage her affairs as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case.

The Debtor personally owns twenty-three (23) separate real estate parcels, comprised of even more legal sub-parcels, all of which are located in either Monterey or Orange County (collectively, the "Real Properties").[2] The Debtor commenced the Case as a result of impending foreclosure sales on two of the Real Properties.

---

[1] Capitalized terms not defined in the body of the Plan are defined in the Table of Definitions at the end of the Plan. In the event a capitalized term used in the Plan is not defined in the Table of Definitions below, such term shall have the meaning ascribed to it in the Disclosure Statement and, if not defined in the Disclosure Statement either, shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules.

[2] On October 22, 2009, the Court entered an order granting Bankers West relief from the automatic stay to foreclose its interest in the Green Lantern Lot 8 Property. To date, Bankers West has not foreclosed on its interest in that property.

The Real Properties mostly consist of undeveloped lots encumbered by one or more deeds of trust (several cross-collateralized) in favor of various lenders, including Bankers West, Citi Mortgage, National Bank of Arizona, Bank of America, Wells Fargo and Countrywide.

At the Petition Date, the Real Properties were estimated to have an aggregate value of approximately $98 million and were encumbered by approximately $21 million in debt. The estimated aggregate value of the Real Properties has decreased since the Petition Date. Nevertheless, on an overall basis, the Debtor has over $40,000,000.00 in equity even after deducting the full amount of all secured debt (including real property taxes). This is more than sufficient to satisfy all other Allowed Claims in full.

The Plan is a reorganizing plan. Through the Plan, the Debtor: (1) seeks to restructure the terms of the existing loans that encumber the Real Properties; (2) obtain additional time to market and sell the Real Properties; and (3) utilize the proceeds of any such sales of Real Properties to accomplish payments under the Plan.

II.

## DEFINITIONS

For the purposes of this Plan, the following terms shall have the meanings specified below. Any capitalized term used in the Plan that is not defined below or in the body of the Plan, shall have the meaning ascribed to such term in the Disclosure Statement. Any capitalized term used in the Plan that is not defined below, the body of the Plan or the Disclosure Statement and which is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules.

1.  "Actions" means any action, other than Avoidance Actions, that arises prior to the Effective Date.

2.  "Administrative Claim" means any Claim, including but not limited to claims for compensation of professionals made pursuant to section 330 of the Bankruptcy Code, entitled to priority treatment under section 507(a)(2) of the Bankruptcy Code.

3.  "Administrative Claimant" means a Person that holds an Administrative Claim or Administrative Tax Claim.

4.  "Administrative Tax Claim" means a Claim under section 503(b)(1)(B) of the Bankruptcy Code.

5.  "Allowed Administrative Claim" means an Administrative Claim that is an Allowed Claim.

6.  "Allowed Administrative Tax Claim" means an Administrative Tax Claim that is an Allowed Claim.

7.  "Allowed Claim" means any Claim in the amount and classification set forth in a proof of claim filed with the Court within the time fixed by the Court, or in the absence of such filing, as set forth in the Debtor's schedules of liabilities filed in the Case, unless the Claim was listed in the schedules as disputed, contingent or unliquidated, in any event as to which no objection to the allowance thereof has been interposed within the applicable period fixed in the Plan or the Confirmation Order, or as to which an order of the Court provides for the allowance of such Claim. Multiple proofs of claim of the same Class filed by a Claimant shall be aggregated and shall constitute a single Claim.

8.  "Allowed General Unsecured Claim" means a General Unsecured Claim that is an Allowed Claim.

9.  "Allowed Priority Claim" means a Priority Claim that is an Allowed Claim.

10. "Allowed Priority Tax Claim" means a Priority Tax Claim that is an Allowed Claim.

11. "Allowed Secured Claim" means a Secured Claim that is an Allowed Claim.

12. "Allowed Secured Tax Claim" means an Allowed Secured Claim that is a Claim which meets the description of an Unsecured Claim of a governmental unit under section 507(a)(8) of the Bankruptcy Code, but for the secured status of that Claim.

13. "Alta Vista Property" means the Real Property at 629 Alta Vista Way, Laguna Beach, CA (APN 656-143-45).

14. "Avoidance Actions" means preference and other avoidance actions under 11 U.S.C. §§ 544 et seq.

15. "Ballot" means the form distributed to each Claimant entitled to vote on the Plan on which is to be stated such Claimant's acceptance or rejection of the Plan.

16. "Bankers Blanket Lien" means the Lien encumbering the Bankers Blanket Properties in favor of Bankers West.

17. "Bankers Blanket Loan" means the loan between Bankers West and the Debtor secured by the Bankers Blanket Lien.

18. "Bankers Blanket Property" means any one of the Bankers West Blanket Properties.

19. "Bankers Blanket Properties" means the following Real Properties: (a) 31162 Ceanothus St., Laguna Beach, CA (APN 056-051-68); (b) 31164 Ceanothus St., Laguna Beach, CA (APN 056-051-74); (c) 31180 Ceanothus St., Laguna Beach, CA (APN 056-151-76); (d) 31174 Ceanothus St., Laguna Beach, CA (APN 056-051-83); (e) 31172 Ceanothus St., Laguna Beach, CA (APN 056-051-80); (f) 31152 Ceanothus St., Laguna Beach, CA (APN 056-051-84); (g) 500 Mystic Way, Laguna Beach, CA (APN 641-281-10); (h) 302 Loma Terrace (APN 641-281-11); (i) 306 Loma Terrace (APN 641-281-12); (j) 308 Loma Terrace (APN 641-281-13); (k) 34382 Green Lantern St., Dana Point, CA – Lot 67 (APN 672-234-01); (l) 34396 Green Lantern St., Dana Point, CA – Lot 9 (APN 672-234-02); and (m) 31142 Ceanothus St., Laguna Beach, CA (APN 056-051-85).

20. "Bankers Brooks Loan" means the loan between Bankers West and the Debtor secured by the Brooks Property.

21. "Bankers Juanita Loan" means the loan between Bankers West and the Debtor secured by the Juanita Property.

22. "Bankers Lot 8 Loan" means the loan between Bankers West and the Debtor secured by the Green Lantern Lot 8 Property.

23. "Bankers West" means Bankers West Mortgage.

24. "Bankruptcy Code" means 11 U.S.C. § 101 *et seq.*, together with any amendments thereto that are applicable to the Case.

25. "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure and any amendments thereto.

26. "BofA" means Bank of America, N.A.

27. "BofA Ceanothus First Loan" means the loan between BofA and the Debtor secured by the Ceanothus Property pursuant to a deed of trust in favor of BofA in first position on such Real Property.

28. "BofA Ceanothus Second Loan" means the loan between BofA and the Debtor secured by the Ceanothus Property pursuant to a deed of trust in favor of BofA in second position on such Real Property.

29. "BofA Lot 1 Loan" means the loan between BofA and the Debtor secured by the Green Lantern Lot 1 Property.

30. "BofA Tehama Loan" means the loan between BofA and the Debtor secured by the Tehama Property.

31. "Brooks Property" means the Real Property at 31152 Brooks, Laguna Beach, CA (APN 056-041-22).

32. "Business Day" means any day which is not a Saturday, a Sunday, or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

33. "Case" means the chapter 11 bankruptcy case of the Debtor, designated as Case No. 8:08-bk-13960 ES, pending before the Court.

34. "Cash" means cash and cash equivalents, including, but not limited to, checks or similar forms of payment or exchange.

35. "Ceanothus Property" means the Real Property at 31172 Ceanothus St., Laguna Beach, CA (APN 056-051-80).

36. "Citi" means CitiMortgage.

37. "Citi Lot 2 Loan" means the loan between Citi and the Debtor secured by the Green Lantern Lot 2 Property.

38. "Claim" or "Claims" means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

39. "Claimant" means a Person that holds a Claim.

40. "Class" or "Classes" means a grouping or groupings of Claims or Interests as designated in Section II.C of the Plan.

41. "Coast Sotheby's" means Coast Sotheby's International Realty.

42. "Confirmation Date" means the date of the entry of the Confirmation Order.

43. "Confirmation Hearing" means the hearing conducted by the Court with regard to confirmation of the Plan as such hearing may be continued from time to time.

44. "Confirmation Order" means the order of the Court confirming the Plan.

45. "Countrywide" means Countrywide Home Loans Inc.

46. "Countrywide First Loan" means the loan between Countrywide and the Debtor secured by the Alta Vista Property pursuant to a deed of trust in favor of Countrywide in first position on such Real Property.

47. "Countrywide Second Loan" means the loan between Countrywide and the Debtor secured by the Alta Vista Property pursuant to a deed of trust in favor of Countrywide in second position on such Real Property.

48. "Court" means the United States Bankruptcy Court for the Central District of California, Santa Ana Division, before which the Case is pending or, in the event such court ceases to exercise jurisdiction over the Case, such court or adjunct or unit thereof that exercises jurisdiction over the Case in lieu of the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

49. "Debtor" means Zolite A. Scott.

50. "Disbursing Agent" means the entity designated to disburse payments in accordance with the Plan and, in this Case, is the Reorganized Debtor.

1     **51.**   "Disclosure Statement" means the Debtor's Disclosure Statement approved by order of the Court entered on _____, 2009, which describes the Plan.

    **52.**   "Disputed Claims" means Claims against the Debtor or the Estate as to which an objection has been filed by the deadline set forth in the Plan (or such later date as may be fixed by the Court) and which objection has not been withdrawn, dismissed or resolved by the entry of a Final Order or otherwise.

    **53.**   "Effective Date" means the first Business Day following the later of: (a) ten (10) calendar days after the Confirmation Order becomes a Final Order; or (b) the date the Reorganized Debtor holds proceeds from the sale of one or more Real Properties sufficient to pay all amounts required to cure defaults under all Secured Loans and all Allowed Claims.

    **54.**   "Estate" means the bankruptcy estate created upon commencement of the Case pursuant to section 541(a) of the Code.

    **55.**   "Final Order" means an order of the Court that has been entered and either:

    a.   The time for appeal from such entered order has expired with no appeal having been filed timely; or

    b.   Any appeal that had been filed timely has been dismissed or otherwise finally determined.

    **56.**   "General Unsecured Claim" means all Unsecured Claims against the Debtor, except for Administrative Claims and Tax Claims, including all Claims included in Class 19 under the Plan.

    **57.**   "Green Lantern Lot 1 Property" means the Real Property at 34412 Green Lantern St., Dana Point, CA – Lot 1 (APN 672-234-04).

    **58.**   "Green Lantern Lot 2 Property" means the Real Property at 34422 Green Lantern St., Dana Point, CA – Lot 2 (APN 672-234-05).

    **59.**   "Green Lantern Lot 8 Property" means the Real Property at 34402 Green Lantern St., Dana Point, CA – Lot 8 (APN 672-234-03).

    **60.**   "Impaired" shall have the meaning provided in section 1124 of the Code.

61. "Interest," "Interests," "Interest Holder" or "Interest Holders" means any Person with an equity interest in any Property of the Estate.

62. "Juanita Property" means the Real Property at 2585 Juanita Way, Laguna Beach, CA (APN 656-141-15).

63. "Lien" has the meaning provided by section 101(37) of the Bankruptcy Code.

64. "Loma Terrace Properties" means the Real Properties at 302 Loma Terrace (APN 641-281-11), 306 Loma Terrace (APN 641-281-12) and 308 Loma Terrace (APN 641-281-13), collectively.

65. "Marilyn Property" means the Real Property at 30801 Marilyn Dr., Laguna Beach, CA (APN 656-213-05).

66. "Monterra 134 Property" means the Real Property at 8180 Manjares, Monterey, CA 93940 – Lot 134 (APN 259-191-012).

67. "Monterra 146 Property" means the Real Property at Vista Monterra – Lot 146 (APN 259-211-03).

68. "Mystic Way Property" means the Real Property at 500 Mystic Way, Laguna Beach, CA (APN 641-281-10).

69. "NBA" means National Bank of Arizona.

70. "NBA Monterra 134 Loan" means the loan between NBA and the Debtor secured by the Monterra 134 Property.

71. "NBA Monterra 146 Loan" means the loan between NBA and the Debtor secured by the Monterra 146 Property.

72. "Net Proceeds" means the funds available upon the sale of any Real Property after payment of all amounts owing to Secured Lenders with Liens on the subject Real Property, all Real Property Tax Obligations relating to such Real Property (whether an Administrative Claim, Secured Claim or otherwise), all tax liabilities arising from the disposition of such Real Property and all costs and fees associated with the sale of such Real Property.

73.  "Person" means any individual, corporation, general partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, trust, government or political subdivision, governmental unit, official committee appointed by the United States Trustee, unofficial committee of creditors, or any other entity.

74.  "Petition Date" means July 9, 2008.

75.  "Plan" means the chapter 11 plan proposed by the Debtor and filed in the Case, in its present form or as it may be amended, modified or supplemented from time to time.

76.  "Priority Claim" means any Claim entitled to priority treatment pursuant to section 507 of the Bankruptcy Code, except for Administrative Claims, Administrative Tax Claims and Priority Tax Claims.

77.  "Priority Tax Claim" means a Claim entitled to priority treatment pursuant to section 507(a)(8) of the Bankruptcy Code.

78.  "Property of the Estate" has the meaning provided by section 541 of the Bankruptcy Code.

79.  "Raines" means John K. Raines.

80.  "Raines Lot 1 Loan" means the loan between Raines and the Debtor secured by the Green Lantern Lot 1 Property.

81.  "Raines Lot 2 Loan" means the loan between Raines and the Debtor secured by the Green Lantern Lot 2 Property.

82.  "Real Properties" means the following parcels of real estate collectively: (a) the Brooks Property; (b) 31162 Ceanothus St., Laguna Beach, CA (APN 056-051-68); (c) 31180 Ceanothus St., Laguna Beach, CA (APN 056-151-76); (d) the Ceanothus Property; (e) 31152 Ceanothus St., Laguna Beach, CA (APN 056-051-84); (f) the Alta Vista Property; (g) the Marilyn Property; (h) 34382 Green Lantern St., Dana Point, CA – Lot 67 (APN 672-234-01); (i) 34396 Green Lantern St., Dana Point, CA – Lot 9 (APN 672-234-02); (j) the Green Lantern Lot 8 Property; (k) the Green Lantern Lot 1 Property;

(k) the Green Lantern Lot 2 Property; (l) 31142 Ceanothus St., Laguna Beach, CA (APN 056-051-85); (m) the Juanita Property; (n) 31164 Ceanothus St., Laguna Beach, CA (APN 056-051-74); (o) 31174 Ceanothus St., Laguna Beach, CA (APN 056-051-83); (p) 500 Mystic Way, Laguna Beach, CA (APN 641-281-10); (q) 302 Loma Terrace (APN 641-281-11); (r) 306 Loma Terrace (APN 641-281-12); (s) 308 Loma Terrace (APN 641-281-13); (t) 31142 Ceanothus St., Laguna Beach, CA (APN 056-051-85); (u) the Monterra 134 Property; (v) the Monterra 146 Property; and (w) the Tehama Property.

83. "Real Property" means any one of the Real Properties individually.

84. "Real Property Tax Obligation" means the amount of real property taxes for which the Debtor is obligated to pay on account of the particular Real Property securing such tax obligation.

85. "Reorganized Debtor" means the Debtor on and following the Confirmation Date.

86. "Sale Deadline" means the last date set forth in a schedule to be filed with the Court no later than thirty (30) days prior to the Confirmation Hearing by which the Reorganized Debtor must close the sale of any given Real Property.

87. "Secured Claim" means a Claim that is secured by a Lien on Property of the Estate.

88. "Secured Lenders" means Bankers West, BofA, Raines, Citi, NBA, Wells Fargo and Countrywide, collectively or individually as the case may be.

89. "Secured Loans" means the Bankers Blanket Loan, Bankers Juanita Loan, Bankers Brooks Loan, BofA Lot 1 Loan, Raines Lot 1 Loan, Citi Lot 2 Loan, Raines Lot 2 Loan, BofA Tehama Loan, NBA Monterra 134 Loan, NBA Monterra 146 Loan, BofA Ceanothus First Loan, BofA Ceanothus Second Loan, Wells Fargo First Loan, Wells Fargo Second Loan, Countrywide First Loan and Countrywide Second Loan, collectively or individually as the case may be.

90. "Tehama Property" means the Real Property at 51 Marguerite St., Carmel, CA 93923 – Lot 51 (APN 169-421-22).

[TKOUYOUMJIAN\MTN\527132.9]    11

1  **91.** "Unimpaired" means that the Class is treated under the Plan in accordance with section 1124(1) of the Bankruptcy Code.

**92.** "Unsecured Claim" means a Claim that is not secured by any Lien on Property of the Estate.

**93.** "Wells Fargo" means Wells Fargo Bank, N.A.

**94.** "Wells Fargo First Loan" means the loan between Wells Fargo and the Debtor secured by the Marilyn Property pursuant to a deed of trust in favor of Wells Fargo in first position on such Real Property.

**95.** **"Wells Fargo Second Loan"** means the loan between Wells Fargo and the Debtor secured by the Marilyn Property pursuant to a deed of trust in favor of Wells Fargo in second position on such Real Property.

### III.

### THE PLAN

**A.    Classification and Treatment**

As required by the Bankruptcy Code, the Plan classifies Claims and Interests (if any) in various classes according to their right to priority. The Plan states whether each Class of Claims or Interests is Impaired or Unimpaired. The Plan provides the treatment each class will receive.

**B.    Unclassified Claims**

Certain types of Claims are not required to be placed into voting classes. Accordingly, such Claims are not classified. They are not considered impaired and are not entitled to vote on the Plan because the Bankruptcy Code mandates how these particular Claims will be treated.

The Claims that are not classified include:

**1.    Administrative Claims**

Administrative claims are claims for costs or expenses of administering the Case that are allowed under Bankruptcy Code section 507(a)(2). The Bankruptcy Code requires that all Administrative Claims be paid on the Effective Date unless a particular