| | | | | | |
|---|---|---|---|---|---|
| | | filed)<br>• **Current Maturity Date**: January 1, 2010 | | | Brooks Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Brooks Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| | 6 | **Secured Claim of BofA**<br>• **Collateral**: Green Lantern Lot 1 Property<br>• **Estimated Collateral Value**: $4,500,000.00<br>• **Lien Priority**: First<br>• **Total Amount of Claim (Approx.)**: $1,690,980.32 (as filed)<br>• **Current Maturity Date**: July 1, 2036 | N | Y | • The Reorganized Debtor shall cure any default under the BofA Lot 1 Loan on the Effective Date upon which the BofA Lot 1 Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>• The Reorganized Debtor shall attempt to sell the Green Lantern Lot 1 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Green Lantern Lot 1 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| | 7 | **Secured Claim of Raines** | N | Y | • The maturity date of the Raines Lot 1 Loan shall be extended for two years following the Effective |

| # | Claim Description | | | Treatment |
|---|---|---|---|---|
| | - Collateral: Green Lantern Lot 1 Property<br>- Estimated Collateral Value: $4,500,000.00<br>- Lien Priority: Second<br>- Total Amount of Claim (Approx.): $100,000.00<br>- Current Maturity Date: November 21, 2009 | | | Date<br>- The Reorganized Debtor shall attempt to sell the Green Lantern Lot 1 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>- No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Green Lantern Lot 1 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 8 | **Secured Claim of Citi**<br>- Collateral: Green Lantern Lot 2 Property<br>- Estimated Collateral Value: $4,500,000.00<br>- Lien Priority: First<br>- Total Amount of Claim (Approx.): $2,263,656.11 (as filed)<br>- Current Maturity Date: Unknown at this time | N | Y | - To the extent the Citi Lot 2 Loan already has matured, interest shall continue to accrue on the Citi Lot 2 Loan at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>- To the extent the Citi Lot 2 Loan has not yet matured, the Reorganized Debtor shall cure any default under the Citi Lot 2 Loan on the Effective Date upon which the Citi Lot 2 Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>- Irrespective of whether the Citi Lot 2 Loan matured already or not, the following:<br>   o the maturity date of the Citi Lot 2 Loan shall be the longer of the maturity date under the note or two years following the Effective Date<br>   o The Reorganized Debtor shall attempt to sell the Green Lantern Lot 2 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>   o No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each |

| | | | | |
|---|---|---|---|---|
| | | | | Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Green Lantern Lot 2 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 9 | **Secured Claim of Raines**<br>• **Collateral**: Green Lantern Lot 2 Property<br>• **Estimated Collateral Value**: $4,500,000.00<br>• **Lien Priority**: Second<br>• **Total Amount of Claim** (Approx.): $100,000.00<br>• **Current Maturity Date**: November 19, 2008 | N | Y | • The maturity date of the Raines Lot 2 Loan shall be extended for two years following the Effective Date<br>• The Reorganized Debtor shall attempt to sell the Green Lantern Lot 2 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Green Lantern Lot 2 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 10 | **Secured Claim of BofA**<br>• **Collateral**: Tehama Property<br>• **Estimated Collateral Value**: $4,650,000.00<br>• **Lien Priority**: First<br>• **Total Amount of Claim** (Approx.): $1,715,455.87 (as filed)<br>• **Current Maturity Date**: July 1, 2035 | N | Y | • The Reorganized Debtor shall attempt to sell the Tehama Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the Reorganized Debtor is unable to close the sale of the Tehama Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| | 11 | **Secured Claim of NBA**<br>• **Collateral**: Monterra 134 Property<br>• **Estimated Collateral Value**: $1,450,000.00<br>• **Lien Priority**: First<br>• **Total Amount of Claim** (Approx.): $1,200,000.00<br>• **Current Maturity Date**: September 1, 2008 | N | Y | • The maturity date of the NBA Monterra 134 Loan shall be extended for two years following the Effective Date<br>• Interest shall continue to accrue on the NBA Monterra 134 Loan at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>•<br>• The Reorganized Debtor shall attempt to sell the Monterra 134 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Monterra 134 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| | 12 | **Secured Claim of NBA**<br>• **Collateral**: Monterra 146 Property<br>• **Estimated Collateral Value**: $1,450,000.00<br>• **Lien Priority**: First<br>• **Total Amount of Claim** (Approx.): $1,125,000.00<br>• **Current Maturity Date**: | N | Y | • The maturity date of the NBA Monterra 146 Loan shall be extended for two years following the Effective Date<br>• Interest shall continue to accrue on the NBA Monterra 146 Loan at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>• The Reorganized Debtor shall attempt to sell the Monterra 146 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order |

[TKOUYOUMJIAN\MTN\527132.9]    26

| | | | | | |
|---|---|---|---|---|---|
| | | September 1, 2008 | | | may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Monterra 146 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 13 | **Secured Claim of BofA**<br>• **Collateral**: Ceanothus Property<br>• **Estimated Collateral Value**: $7,000,000.00<br>• **Lien Priority**: First<br>• **Total Amount of Claim (Approx.)**: $1,023,312.25 (as filed)<br>• **Current Maturity Date**: March 1, 2035 | N | Y | • The Reorganized Debtor shall cure any default under the BofA Ceanothus First Loan on the Effective Date upon which the BofA Ceanothus First Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>• The Reorganized Debtor shall attempt to sell the Ceanothus Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Ceanothus Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 14 | **Secured Claim of BofA**<br>• **Collateral**: Ceanothus Property | N | Y | • To the extent the BofA Ceanothus Second Loan already has matured, interest shall continue to accrue on the BofA Ceanothus Second Loan at the rate of ___% per annum, with the specific rate to be |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | | | | |
|---|---|---|---|---|
| | - **Estimated Collateral Value:** $7,000,000.00<br>- **Lien Priority:** Second<br>- **Total Amount of Claim (Approx.):** $1,485,827.32 (as filed)<br>- **Current Maturity Date:** Unknown at this time | | | provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>- To the extent the BofA Ceanothus Second Loan has not yet matured, the Reorganized Debtor shall cure any default under the BofA Ceanothus Second Loan on the Effective Date upon which the BofA Ceanothus Second Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>- Irrespective of whether the BofA Ceanothus Second Loan matured already or not, the following:<br>   o The maturity date of the BofA Ceanothus Second Loan shall be extended for two years following the Effective Date<br>   o The Reorganized Debtor shall attempt to sell the Ceanothus Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>   o No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Ceanothus Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 15 | **Secured Claim of Wells Fargo**<br>- **Collateral:** Marilyn Property<br>- **Estimated Collateral Value:** $1,800,000.00<br>- **Lien Priority:** First<br>- **Total Amount of Claim (Approx.):** $1,320,959.21 (as filed) | N | Y | - The Reorganized Debtor shall cure any default under the Wells Fargo First Loan on the Effective Date upon which the Wells Fargo First Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>- The Reorganized Debtor shall attempt to sell the Marilyn Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court |

[TKOUYOUMJIAN\MTN\527132.9]     28

| | | | | | |
|---|---|---|---|---|---|
| | | • **Current Maturity Date:** September 1, 2035 | | | • No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Marilyn Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| | 16 | **Secured Claim of Wells Fargo**<br><br>• **Collateral:** Marilyn Property<br><br>• **Estimated Collateral Value:** $1,800,000.00<br><br>• **Lien Priority:** Second<br><br>• **Total Amount of Claim (Approx.):** $252,374.25 (as filed)<br><br>• **Current Maturity Date:** Unknown at this time | N | Y | • To the extent the Wells Fargo Second Loan already has matured, interest shall continue to accrue on the Wells Fargo Second Loan at the rate of __% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>• To the extent the Wells Fargo Second Loan has not yet matured, the Reorganized Debtor shall cure any default under the Wells Fargo Second Loan on the Effective Date upon which the Wells Fargo First Loan shall be reinstated at the rate of __% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>• Irrespective whether the Wells Fargo Second Loan matured already or not, the following:<br><br>    o  The maturity date of the Wells Fargo Second Loan shall be extended for two years following the Effective Date<br><br>    o  The Reorganized Debtor shall attempt to sell the Marilyn Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>    o  No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Marilyn Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to |

| | | | | |
|---|---|---|---|---|
| | | | | proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 17 | **Secured Claim of Countrywide**<br>• **Collateral:** Alta Vista Property<br>• **Estimated Collateral Value:** $3,750,000.00<br>• **Lien Priority:** First<br>• **Total Amount of Claim** (Approx.): $2,831,505.75 (as filed)<br>• **Current Maturity Date:** May 1, 2037 | N | Y | • The Reorganized Debtor shall cure any default under the Countrywide First Loan on the Effective Date upon which the Wells Fargo First Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>• The Reorganized Debtor shall attempt to sell the Alta Vista Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Alta Vista Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 18 | **Secured Claim of Countrywide**<br>• **Collateral:** Alta Vista Property<br>• **Estimated Collateral Value:** $3,750,000.00<br>• **Lien Priority:** Second<br>• **Total Amount of Claim** (Approx.): $221,200.00<br>• **Current Maturity Date:** Unknown at this time | N | Y | • To the extent the Countrywide Second Loan already has matured, interest shall continue to accrue on the Countrywide Second Loan at the rate of __% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>• To the extent the Countrywide Second Loan has not yet matured, the Reorganized Debtor shall cure any default under the Countrywide Second Loan on the Effective Date upon which the Wells Fargo Second Loan shall be reinstated at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br>• Irrespective whether the Countrywide Second Loan matured already or not, the following:<br>    o The maturity date of the Countrywide Second Loan shall be extended for two |

[TKOUYOUMJIAN\MTN\527132.9]    30

| | | | | |
|---|---|---|---|---|
| | | | | years following the Effective Date<br><br>○ The Reorganized Debtor shall attempt to sell the Alta Vista Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>○ No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Alta Vista Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
| 19 | **Secured Claim of Bankers West and/or Carl and Cheryl Post**<br><br>• **Collateral:** Green Lantern Lot 8 Property<br>• **Estimated Collateral Value:** $4,500,000.00<br>• **Lien Priority:** First<br>• **Total Amount of Claim** (Approx.): $1,378,010.50 (as filed)<br>• **Current Maturity Date:** April 1, 2009 | N | Y | • The maturity date of the Bankers Lot 8 Loan shall be extended for two years following the Effective Date<br><br>• Interest shall continue to accrue on the Bankers Lot 8 Loan at the rate of ___% per annum, with the specific rate to be provided by the Debtor prior to the hearing on the approval of the Disclosure Statement<br><br>• The Reorganized Debtor shall attempt to sell the Green Lantern Lot 8 Property subject to order of the Court under sections 363 and 1129(b)(2)(A), which order may be procured by stipulation between the Reorganized Debtor and all Secured Lenders with Liens on the subject Real Property or, absent such stipulation, by motion filed with the Court<br><br>• No later than thirty (30) days prior to the Confirmation Hearing, the Debtor shall file with the Court and serve on all Secured Lenders a schedule setting forth, as to each Real Property, the Sale Deadline by which the Reorganized Debtor must close the sale of such Real Property. In the event the Reorganized Debtor is unable to close the sale of the Green Lantern Lot 8 Property by its Sale Deadline, the Secured Lender shall have relief from the automatic stay and/or any injunction created under section 1141 of the Bankruptcy Code to proceed with any foreclosure of its interest on such Real Property under applicable law. The Sale Deadline for any Real Property may be extended |

| | | | | pursuant to written agreement between the Reorganized Debtor and each of the Secured Lenders with Liens on such Real Property without further Court order. |
|---|---|---|---|---|

2. Classes of Priority Unsecured Claims

Certain Priority Claims that are referred to in Bankruptcy Code sections 507(a)(4), (5), (6), and (7) are not required to be placed in classes. The Bankruptcy Code requires that each holder of any of these types of a Priority Claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured Priority Claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

The Debtor is not aware of any Claims that would qualify as 11 U.S.C. §§ 507(a)(4), (a)(5), (a)(6) and (a)(7) Priority Claims.

3. Class of General Unsecured Claims

General Unsecured Claims are Unsecured Claims not entitled to priority under Bankruptcy Code section 507(a). The following chart identifies the Plan's treatment of the class containing all of the Debtor's General Unsecured Claims:

| Class No. | Description | Insider Y/N | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 20 | General Unsecured Claims<br><br>Total Amount of Claims (Approx.): $92,000.00 | N | Y | Each holder of an Allowed Class 19 General Unsecured Claim shall be paid 100% of the allowed amount of their respective Claim with the Net Proceeds of the sale of any or all of the Real Properties after satisfaction of all other Allowed Claims |

4. Class of Interest Holders

Because the Debtor is an individual, the Debtor is the Interest Holder in this case. The following chart identifies the Plan's treatment of Interest Holders:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|