| 21 | Debtor | N | Confirmation of the Plan shall not revest all Property of the Estate in the Reorganized Debtor subject to the obligations, terms and conditions of this Plan. Revesting of any property shall remain subject to court approval. |

D. **Means of Effectuating the Plan**

1. Plan Funding

The Plan will be funded through two sources: (1) the proceeds generated from the sale of the Real Properties, and (2) any cash on hand.

   a. Sale Proceeds

As noted above, the estimated aggregate value of the Real Properties far exceed all Claims asserted against the Estate, including Secured and Unsecured Claims, Priority Tax Claims and Administrative Claims. The aggregate value of the Real Properties currently is estimated to exceed $67,000,000.00. The total amount of Secured Claims against the Real Properties, including real property taxes, currently is estimated to be approximately $24,182,280.00. The aggregate amount of other Claims, including, but not limited to, Administrative Tax Claims, currently are estimated to be approximately $615,000.00. In other words, even after payment of all secured debt upon liquidation of the Real Properties, sufficient Net Proceeds will be available for payment of all Allowed Administrative Claims, Priority Tax Claims and General Unsecured Claims in full.

   b. Cash on Hand

As of September 30, 2009, the Debtor held $11,881.00 in cash. Such cash will be used to pay any outstanding Bankruptcy Court Clerk fees and United States Trustee fees on or before the Effective Date.

2. Marketing and Sale of the Real Properties

On June 4, 2009, this Court authorized the Debtor's employment of Coast Sotheby's to serve as the Debtor's real estate agent for certain of the Real Properties. The listing agreements the Debtor entered with Coast Sotheby's for such Real Properties expired recently.

The Debtor is a licensed real estate broker who has been active in buying, selling, building and trading homes and property in the Laguna Beach and surrounding areas for approximately 35 years. The Debtor intends to utilize her own experience and expertise to attempt to market and sell the Real Properties as contemplated under this Plan.

In addition to the Debtor's own efforts, upon confirmation of the Plan, the Reorganized Debtor intends to employ real estate brokers as is necessary to market and sell the Real Properties in an effort to achieve the maximum value for each of the Real Properties.

### 3. Post-Confirmation Management and Disbursing Agent

The Reorganized Debtor will continue to manage her affairs and the Real Properties post-confirmation.

The Reorganized Debtor shall serve as the Disbursing Agent under the Plan. The Reorganized Debtor shall serve without bond and shall not receive any compensation for distribution services rendered and expenses incurred pursuant to the Plan.

///
///
///

## E. Acceptance or Rejection of the Plan; Cramdown

### 1. Acceptance by Impaired Classes of Claims and Interests

Pursuant to section 1126(c) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if: (a) the holders of at least two-thirds (2/3) in dollar amount of the Allowed Claims actually voting in such Class (other than Claims held by any holder designated pursuant to section 1126(e) of the Bankruptcy Code) have timely and properly voted to accept the Plan, and (b) more than one-half (1/2) in number of the holders of such Allowed Claims actually voting in such Class (other than Claims by any holder designated pursuant to section 1126(e) of the Bankruptcy Code) have timely and properly voted to accept the Plan.

No Class of Interests is entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code.

**2.  Voting Classes**

Except as otherwise required by the Bankruptcy Code or the Bankruptcy Rules or as otherwise provided in this Section II.E.2, the holders of Claims in Classes 3 through 20, inclusive, shall be entitled to vote to accept or reject the Plan. Class 21 (Interests) is Unimpaired under the Plan and, as a result, shall not be entitled to vote to accept or reject the Plan, and shall be conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

Administrative Claims and Priority Tax Claims are deemed to be Unimpaired and not classified under the Plan. As a result, such Claims are not entitled to vote to accept or rejection the Plan.

**3.  Ballot Instructions**

Each Claimant entitled to vote on the Plan is required to complete and return a Ballot to the voting agent, which will compile the votes so received. All questions as to the validity, form, and eligibility (including time of receipt) of Ballots will be resolved by the Bankruptcy Court upon application or at the Confirmation Hearing.

**4.  Cramdown: Section 1129(b) of the Bankruptcy Code**

If all applicable requirements for confirmation of the Plan are satisfied as set forth in section 1129(a)(1) through (13) of the Bankruptcy Code except subsection (8) thereof, the Debtor intends to request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code, notwithstanding the requirements of section 1129(a)(8) of the Bankruptcy Code.

**F.  Other Provisions of the Plan**

**1.  Claims**

A deadline for filing proofs of claim or interest in the Case has not been set yet. Pursuant to section 502(a) of the Bankruptcy Code, any party in interest may object to

any Claim. Objections to Claims shall be filed not later than 180 days after the date of entry of the Confirmation Order. As provided by section 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes allowance and confirmation of the Plan. The Court shall retain jurisdiction over the Debtor, the Reorganized Debtor and the Case to resolve such objections to Claims following the confirmation of the Plan. Nothing contained in the Plan shall constitute a waiver or release by the Debtor of any rights of setoff or recoupment, or of any defense, it may have with respect to any claim. The Reorganized Debtor shall withhold from property to be distributed under the Plan and will place in reserve a sufficient amount of cash to be distributed on account of Claims that are disputed and have not been Allowed (the "Disputed Claims") as of the date funds become available for distribution to creditors of any particular Class as if such Claims were allowed in full.

    2.    Accrual of Interest on Claims

Except as specifically provided for in the Plan, in the Confirmation Order, or in some other order of the Court, interest shall not accrue on Claims and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim. Nothing set forth herein shall limit or impair the accrual of interest provided for in this Plan.

To the extent the Debtor or any other party in interest objects to the allowance of any Claim, nothing in the Plan or herein shall be deemed to imply or create for the holders of any Disputed Claims any entitlement to receive interest upon the allowed amount of any such Disputed Claims as a result, *inter alia*, of the delay in payment of such Claims, except as expressly stated in the treatment pursuant to the Plan.

    3.    Distributions to be Made Pursuant to the Plan

Distributions to be made by the Reorganized Debtor on the Effective Date on account of any Claim shall be made on the Effective Date or as promptly thereafter as practicable. Distributions to be made by the Reorganized Debtor under the Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole election of the

Reorganized Debtor. Except as otherwise agreed to by the Reorganized Debtor in writing, distributions to be made to holders of Allowed Claims pursuant to the Plan may be delivered by regular first-class mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Court, to such address.

Checks issued by the Reorganized Debtor to pay Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. Requests for reissuance of any check shall be made to the Reorganized Debtor by the holder of the Allowed Claim to whom such check originally was issued, prior to the expiration of 120 days from the date of issuance of such check. After such date, the Claim shall be deemed disallowed and the monies otherwise payable on account of such Claim shall revest in the Reorganized Debtor free and clear of all claims and interests.

In connection with the Plan and any instruments issued in connection therewith, the Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.

4.   Avoidance Actions

The Reorganized Debtor reserves the sole right under the Plan to pursue Avoidance Actions and other Actions of the Estate to the extent any exist. The Debtor reserves for herself and the Reorganized Debtor all rights to commence and pursue, as appropriate, any and all Avoidance Actions or other Actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court. While the Debtors have attempted to identify Actions or Avoidance Actions in the Disclosure Statement which may be pursued, and hereby incorporate by reference those disclosures and provisions, the failure to list any potential Action or Avoidance Action, generally or specifically, is not intended to limit the rights of the Debtor or the Reorganized Debtor to pursue any Action or Avoidance Action.

All Avoidance Actions and other Actions are preserved under the Plan for the benefit of the Estate and the Reorganized Debtor.

Unless an Action or Avoidance Action against any Person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior Court order, the Debtor and Reorganized Debtor expressly reserve Actions and Avoidance Actions for later adjudication. Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Action or Avoidance Action upon of after Confirmation or consummation of the Plan.

All professional fees incurred in pursuing the Avoidance Actions or other Actions shall be paid by the Reorganized Debtor without the necessity of a Court order. However, the Court will reserve exclusive jurisdiction to decide any and all disputes regarding the payment of the fees and costs related to post-confirmation professional fees upon request of a party in interest and after notice and a hearing. Action Recoveries and Avoidance Action Recoveries will be paid to the Reorganized Debtor.

5.  Exculpations, Releases and Injunction

To the maximum extent permitted by law, neither the Debtor, her Estate, nor any of their employees, agents, representatives, or the professionals employed or retained by any of them, whether or not by Court order (each, a "Released Person"), shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation of the Plan, the Disclosure Statement, or a contract, instrument, release or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein. Each Released Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan.

The occurrence of the Effective Date after the entry of the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.

Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, her Estate, or their property on account of any such discharged claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

By accepting distribution pursuant to the Plan, each holder of an Allowed Claim or Interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section.

6. Executory Contracts And Unexpired Leases

There are no executory contracts to be assumed or rejected. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, or if you dispute the status of the lease as current, or if you dispute the monthly payment amount, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

7. Changes in Rates Subject to Regulatory Commission Approval

This Debtor is not subject to governmental approval of its rates by any regulatory commission.

**8.    Retention Of Jurisdiction**

After confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Court will retain such jurisdiction as is legally permissible including for the following purposes:

a.    To resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order;

b.    To determine the validity, classification, or priority of Claims and Interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding;

c.    To determine the extent, validity and priority of any lien asserted against property of the Debtor or Property of the Estate;

d.    To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan, the Confirmation Order, and to determine all matters that may be pending before the Court in this Case on or before the Effective Date with respect to any person or entity related thereto;

e.    To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

f.    To determine any request for payment of Administrative Claims;

g.    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this Case whether before, on, or after the Effective Date;

h.    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

     i.          To modify the Plan under section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

     j.          Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions, take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

     k.          To issue such orders in aid of consummation of the Plan or the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

     l.          To enter a final decree closing this Case.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[TKOUYOUMJIAN\MTN\527132.9]          41

# IV.

## EFFECT OF CONFIRMATION OF THE PLAN

A. **Discharge**

The rights under the Plan and the treatment of Claims under the Plan will be in exchange for, and in complete satisfaction, discharge, and release of, all Claims of any nature whatsoever (including, without limitation, any interest accrued on Claims from and after the Petition Date) against the Debtor, the Reorganized Debtor, or her property. Except as otherwise provided in the Plan or the Confirmation Order:

1. On the later of the Effective Date or on completion of all payments under the Plan 11 U.S.C. § 1141(d)(5), the Debtor, the Estate, the Reorganized Debtor, and their property will, to the fullest extent permitted by Bankruptcy Code § 1141, be deemed discharged and released from any and all Claims, including, without limitation, all demands, liabilities, and Claims, that arose before the Confirmation Date or that are based upon or otherwise relate to acts, events, omissions, transactions or other activities of any kind that occurred before the Confirmation Date, and all debts of the kind specified in Bankruptcy Code §§ 502(g), 502(h), or 502(I) regardless of whether: (1) a Proof of Claim based on such a debt is filed or deemed filed; (2) a Claim based on such a debt is allowable under Bankruptcy Code § 502; or (3) the Person holding the Claim based on such a debt has accepted the Plan;

2. All Persons will be precluded from asserting against the Debtor, her Estate, the Reorganized Debtor, or their property any other or further Claims based on, arising from, or in connection with any act, event, omission, transaction, or other activity of any kind that occurred before the Confirmation Date;

3. Any debt of the Debtor, whether secured or unsecured, which was in default as of or any time prior to the Confirmation Date, will no longer be deemed in default. Moreover, to the extent that the Debtor complies with the terms

1 and conditions of the Plan, these obligations will be deemed in good
2 standing;
3  4. As set forth in Bankruptcy Code §§ 524 and 1141, except as otherwise
4 provided in the Plan or the Confirmation Order and subject to further court
5 order as provided in 11 U.S.C. § 1141(d)(5), the court's order under the
6 above section, constitutes a discharge of any and all Claims against, and all
7 debts and liabilities of, the Debtor. The Reorganized Debtor and her
8 property will, to the fullest extent permitted by Bankruptcy Code § 1141, be
9 deemed discharged and released from any and all Claims, including,
10 without limitation, all demands, liabilities and Claims that arose before the
11 Confirmation Date or that are based on or otherwise relate to acts, events,
12 omissions, transactions or other activities of any kind that occurred before
13 the Confirmation Date. This discharge will void any judgment that was
14 obtained against the Debtor at any time only to the extent that the judgment
15 relates to a discharged Claim; and
16  5. Subject to the limitations and conditions imposed under Bankruptcy Code §
17 1125(e), Persons who—in good faith and in compliance with applicable
18 Bankruptcy Code provisions—either solicit Plan acceptances or rejections or
19 participate in the offer, issuance, sale, or purchase of securities under the
20 Plan will not be liable on account of their solicitation or participation for
21 violation of any applicable law, rule, or regulation governing the solicitation
22 of Plan acceptances or rejections or the offer, issuance, sale or purchase of
23 such securities.
24 Nothing contained herein shall limit the effect of Confirmation as described in
25 sections 524 and/or 1141 of the Bankruptcy Code.
26 **B.  Revesting of Property in the Reorganized Debtor**
27 Except as otherwise provided herein or in the Confirmation Order, the
28 Confirmation of the Plan shall not revest any of the property of the Estate in the

[TKOUYOUMJIAN\MTN\527132.9]                    43

Reorganized Debtor. Such revesting of any property shall be subject to further court order. In addition, all of the Claims against and/or Interests in third parties that constitute property of the Estate shall remain property of the estate subject to further court order. Following the Effective Date, the Reorganized Debtor shall have absolute authority to prosecute, waive, adjust or settle any Claims without the need for approval by the Court. Following the Effective Date, the Reorganized Debtor shall have the authority to employ such professionals as she deems necessary to prosecute or defend such Claims asserted without the need for Court approval.

C.  **Default**

Except as otherwise provided herein or in the Confirmation Order, in the event that the Reorganized Debtor defaults in the performance of any of her obligations under the Plan and shall not have cured such a default within thirty (30) days after receipt of written notice of default from the Person to whom the performance is due, then the Person to whom the performance is due may pursue such remedies as are available at law or in equity, subject to Section II.F.8 of this Plan. An event of default occurring with respect to one Claim shall not be deemed an event of default with respect to any other Claim.

D.  **Modification Of Plan**

The Plan may be modified at any time after confirmation but before the completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtor, the United States Trustee, or the holder of an allowed unsecured claim, to —

(1) increase or reduce the amount of payments on Claims of a particular Class provided for by the Plan;

(2) extend or reduce the time period for such payments; or

(3) alter the amount of the distribution to a creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of such Claim made other than under the Plan.

### E. Post-Confirmation Status Report

Within 120 days following the entry of the Confirmation Order, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice before or after the Effective Date. Further status reports shall be filed every 120 days and served on the same entities until the entry of a final decree closing the Case or dismissal or conversion of the Case.

### F. Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the Case under section 1112(b) after the Plan is confirmed if there is a default in performing the Plan. If the Court orders the Case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the Estate, and that has not been disbursed pursuant to the Plan, will revest in the chapter 7 estate. The automatic stay will be re-imposed upon the revested property, but only to the extent that the Court did not previously authorize relief from stay during the Case, including, but not limited to, post-confirmation. The Confirmation Order may also be revoked under very limited circumstances.

The Court may revoke the Confirmation Order if the Confirmation Order was procured by fraud and if the party in interest brings an adversary proceeding to revoke the Confirmation Order within 180 days after the entry of the Confirmation Order.

### G. Post-Confirmation United States Trustee Fees

The Reorganized Debtor shall be responsible for the timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. § 1930(a)(6).

### H. Final Decree

Once this Estate has been fully administered as referred to in Bankruptcy Rule 3022, the Reorganized Debtor (or other party as the Court shall designate in the Confirmation Order) shall file a motion with the Court to obtain a final decree to close the

1 | Case.

2 | DATED: October 30, 2009     By:  /s/Zolite A. Scott
3 |                                   Zolite A. Scott
                                      Debtor and Debtor in Possession
4 |
5 |
6 | PRESENTED BY:
7 | **SulmeyerKupetz**
    A Professional Corporation
8 |
9 | By: /s/ Alan G. Tippie T.K.
10|     Alan G. Tippie
       Attorneys for Zolite A. Scott
11|    Debtor and Debtor in Possession

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[TKOUYOUMJIAN\MTN\527132.9]                    46

| In re:<br>ZOLITE A. SCOTT,<br>Debtor. | CHAPTER 11<br>CASE NUMBER 8:08-bk-13960 ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **SulmeyerKupetz**, a Professional Corporation, 333 S. Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

The foregoing document described as **"DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>October 30, 2009</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| • Atty for Debtor - Alan G. Tippie, Esq. | atippie@sulmeyerlaw.com |
| • Atty for Debtor - Tamar Kouyoumjian, Esq. | tkouyoumjian@sulmeyerlaw.com |
| • Office of the U.S. Trustee - Frank Cadigan, Esq. | frank.cadigan@usdoj.gov |
| • Atty for American Express Centurion Bank - Gilbert B. Weisman II, Esq. | notices@becket-lee.com |
| • Atty for America's Servicing Co. - Joe M. Lozano, Jr., Esq. | notice@NBSDefaultServices.com |
| • Atty for America's Wholesale Lender - Lee S. Raphael, Esq. | cmartin@pprlaw.net |
| • Atty for BAC Home Loans – Cassandra J. Richey, Esq. | cmartin@pprlaw.net |
| • Atty for Bankers West Mortgage - Martin W. Phillips, Esq | marty.phillips@att.net |
| • Atty for Bank of America - Jose A. Garcia, Esq. | ecfcacb@piteduncan.com |
| • Atty for Bank of America – Brian A. Paino, Esq. | ecfcacb@piteduncan.com |
| • Atty for National Bank of Arizona - Ronald D. Roup, Esq. | ecf@rouplaw.com |
| • Atty for Roundup Funding, LLC – Linh K. Tran, Esq. | bline.chapter13@blinellc.com |

☐ Service information continued on attached page.

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On <u>October 30, 2009</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first-class postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>October 30, 2009</u>, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Erithe Smith, U.S. Bankruptcy Judge, Courtroom 5A, 411 W. Fourth St., Santa Ana, CA 92701**

☐ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re:<br>ZOLITE A. SCOTT, | | CHAPTER 11 |
|---|---|---|
| | Debtor. | CASE NUMBER 8:08-bk-13960 ES |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 30, 2009 | Kathleen Fox | _[signature]_ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0973-8<br>Case 8:08-bk-13960-ES<br>Central District Of California<br>Santa Ana<br>Fri Oct 30 15:37:47 PDT 2009 | America's Servicing Company<br>PO Box 829009<br>Dallas, TX 75382-9009 | America's Wholesale Lender<br>2270 Lakeside Boulevard<br>Mail Stop: RLS-4-32<br>Richardson, TX 75082-4304 |
| American Express Centurion Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | BAC HOME LOAN SERVICING, L.P.<br>7105 Corporate Drive<br>Plano, TX 75024-4100 | BAC Home Loans Servicing, LP<br>7105 Corporate Drive<br>PTX-B-35<br>Plano, TX 75024-4100 |
| BANK OF AMERICA, N.A.<br>475 Crosspoint Parkway<br>P O Box 9000<br>Getzville, NY 14068-9000 | Bank of America Mortgage, as servicing agent<br>Pite Duncan, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | Bankers West Mortgage<br>303 Broadway, Suite 204<br>Laguna Beach, Ca 92651-1816 |
| Citimortgage Inc<br>P O Box 829009<br>Dallas, TX 75382-9009 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Santa Ana Division<br>411 West Fourth Street, Suite 2030,<br>Santa Ana, CA 92701-4500 |
| America's Servicing<br>One Home Campus<br>BK PMT PROC<br>MAC#X2302-04C<br>Des Moines, Iowa 50328-0001 | America's Wholesale Lender<br>c/o Countrywide Home Loans, Inc.<br>2270 Lakeside Boulevard - Mail Stop: RLS<br>Richardson, TX 75082-4304 | American Express<br>PO Box 0001<br>Los Angeles, CA 90096-0001 |
| Anthem Blue Cross<br>PO Box 70000<br>Van Nuys, CA 91470-0001 | Bank of America<br>475 CrossPoint Parkway<br>PO Box 9000<br>Getzville, NY 14068-9000 | Bank of America NA<br>Po Box 26012<br>NC4 105 03 14<br>Greensboro NC 27420-6012 |
| Bankers West Mortgage<br>303 Broadway, Suite # 204<br>Laguna Beach, California 92651-1816 | Bankers West Mortgage<br>c/o Fred James<br>303 Broadway, Ste 204<br>Laguna Beach, CA 92651-1816 | CHASE BANK USA<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| CITIMORTGAGE, INC.<br>POST OFFICE BOX 6006<br>THE LAKES, NEVADA 88901-6006 | Carl and Cheryl Post<br>Songstad & Randall LLP<br>2201 Dupont Dr Ste 100<br>Irvine, CA 92612-7511 | Chase Mastercard<br>Cardmember Service<br>P.O. Box 94014<br>Palatine, IL 60094-4014 |
| CitiMortgage<br>P.O. Box 790012<br>Saint Louis, MO 63179-0012 | Citicards - MC/Citi Prof/AAdvantage<br>Citibank Customer Service Ctr<br>PO Box 6000<br>The Lakes, NV 89163-0001 | GMG Insurance Agency<br>939 Glenneyre St Ste B<br>Laguna Beach, CA 92651-2716 |
| Home Depot Credit Services<br>PO Box 6028<br>The Lakes, NV 88901-6028 | INTERNAL REVENUE SERVICE<br>24000 Avila Road, M/S 5503<br>Laguna Niguel, CA 92677-3407 | John K. Raines<br>27231 Calle Del Cid<br>Mission Viejo, CA 92691-6206 |

Los Angeles Times
202 W. 1st Street
Los Angeles, CA 90012-4105

Marcus Hernandez
245 Wallace Ave
Apt 6
Costa Mesa, CA 92627

Monterey County Tax Assessor
PO Box 891
Salinas, CA 93902-0891

Monterra Homeowners Association
c/o Thelander Management Co
PO Box 368
Monterey, CA 93942-0368

Monterrey County Tax Assessor
POB 891
Salinas, CA 93902-0891

Mortgage Electronic Reg Sys, Inc
c/o Countrywide Hme Loans Inc
400 Countrywide Way SV-35
Attn Foreclosure Dept
Simi Valley, CA 93065-6298

National Bank of Arizona
P.O. Box 80467
Phoenix, AZ 85060-0467

National Default Servicing Corp
2525 East Camelback Rd
Ste 200
Phoenix, AZ 85016-4224

Newport Cancer Care Med Assoc Inc
20162 SW Birch St Ste 200
Newport Beach, CA 92660-0792

Newport Cancer Care Med Assoc Inc
4000 W Pacific Coast Hiway Ste C
Newport Beach, CA 92663-2742

OUST-LA
725 South Figueroa Street,
26th Floor
Los Angeles, CA 90017-5524

Orange County Register
625 N. Grand Ave
Santa Ana, CA 92701-4347

Orange County Tax Assessor
P.O. Box 149
Santa Ana, CA 92702-0149

Orange County Treasurer-Tax Collector
POB 1438
Santa Ana, CA 92702-1438

Paula Taylor Moore Design Group
6767 Brockton Ave
Riverside, CA 92506-3023

Recontrust Company
1757 Tapo Canyon Rd, SVW-88
Attn Miriam C Paez
Simi Valley, CA 93063-3391

Tehama
1 Tehama
Carmel, CA 93923-9592

Tehama Golf Club
4 Tehama
Carmel, CA 93923-9622

United States Trustee (SA)
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-8000

Verizon California Inc
404 Brock Drive
Bloomington, IL 61701-2654

Wells Fargo Bank, N.A.
P. O. Box 14469 MAC X2303-04G
Des Moines, IA 50306-3469

Wells Fargo Bank, N.A.
PO Box 54780
Los Angeles, CA 90054-0780

Wells Fargo Bank, N.A.
c/o 1st American Loanstar Ttee Svcs
P.O. Box 961253
Fort Worth, TX 76161-0253

Westcliff Medical Labs, Inc
1821 E Dyer Rd Ste 100
Santa Ana, CA 92705-5700

Alan G Tippie
333 S Hope St 35th Fl
Los Angeles, CA 90071-1406

Carl and Cheryl Post
Sonstad and Randall LLP
2201 Dupont Dr Ste 100
Irvine, CA 92612-7511

Tamar Kouyoumjian
SulmeyerKupetz A Prof Corp
333 So Hope St Thirty-Fifth Fl
Los Angeles, CA 90071-1406

Zolite A. Scott
629 Alta Vista Way
Laguna Beach, CA 92651-4040