1  Alan G. Tippie (CA Bar No. 89587)
     *atippie@sulmeyerlaw.com*
2  Dean G. Rallis Jr. (CA Bar No. 94266)
     *drallis@sulmeyerlaw.com*
3  Tamar Kouyoumjian (CA Bar No. 254148)
     *tkouyoumjian@sulmeyerlaw.com*
4  **Sulmeyer**Kupetz
   A Professional Corporation
5  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
6  Telephone:  213.626.2311
   Facsimile:   213.629.4520

Special Bankruptcy Counsel for
Weneta M. A. Kosmala, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

ZOLITE A. SCOTT,

Deceased.

Case No. 8:08-bk-13960 ES

Chapter 11

**MOTION OF CHAPTER 11 TRUSTEE FOR AUTHORITY TO SELL REAL PROPERTY  (2585 JUANITA WAY, LAGUNA BEACH, CA) FREE AND CLEAR OF LIENS AND OTHER INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF WENETA M. A. KOSMALA, IN SUPPORT THEREOF**

[11 U.S.C. §§ 363(b)(1) & 363(f); Fed. R. Bankr. P. 6004]

DATE:    June 1, 2010
TIME:    10:30 a.m.
PLACE:   U.S. Bankruptcy Court
         Courtroom 5A
         411 W. Fourth Street
         Santa Ana, CA  92701-4593

TKOUYOUMJIAN\ 631031.1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS; AND OTHER INTERESTED PARTIES:**

Weneta M.A. Kosmala, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Zolite A. Scott, the deceased debtor (the "Debtor") in the above captioned case, by this motion (the "Motion") will and hereby does request authority to sell the real property located at 2585 Juanita Way, Laguna Beach, AP# 656-141-15 (the "Subject Property"). The Subject Property is to be sold to Yoshihiro and Emi Maruyama (the "Proposed Buyers"). Alternatively, the Trustee proposes to sell the Property to a higher bidder, subject to the overbid procedure described below. Under either scenario, the Subject Property is to be sold free and clear of liens and other interests.

More specifically, the Trustee intends to sell the Subject Property on the terms and conditions outlined in the *California Association of Realtors Purchase Agreement and Addendum to Purchase Agreement* (the "Purchase Agreement"), a true and correct copy of which is attached as Exhibit "1" to the following Declaration of Weneta M. A. Kosmala (the "Kosmala Declaration").

This Motion is brought in accordance with 11 U.S.C. § 363(b)(1) and (f) and Federal Rule of Bankruptcy Procedure 6004, and is made on the ground that the proposed sale is supported by a good business justification and is in the best interests of the Estate. The Subject Property has been on the market for a number of months and the Proposed Buyers have made the highest and best offer to date. The proceeds of sale will result in a complete satisfaction of the secured debt against the Subject Property, and is expected to ultimately produce net equity for the benefit of this Estate and its creditors. The offer will be further tested by Trustee's proposed overbid procedures to ensure that the Estate gains the maximum value for the Subject Property.

This Motion is based on the following Memorandum of Points and Authorities, the Kosmala Declaration and the exhibit(s) attached thereto, all judicially noticeable facts, all other admissible evidence properly before the Court, and any arguments and/or

1  testimony to be presented at the hearing on the Motion.

2  **WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

3  1. Authorizing the Trustee to sell the Property to the Proposed Buyers on the terms and conditions outlined in the Purchase Agreement, or alternatively, to a higher bidder;

6  2. Finding that successful purchaser has acted in good faith as described in 11 U.S.C. § 363(m);

8  3. Deeming the sale to be free and clear of all liens and other interests pursuant to 11 U.S.C. § 363(f), including but not limited to the interest of Bankers West Mortgage, and of Carlton A. Post and Cheryl L. Post, Trustee of the Carlton A. Post and Cheryl L. Post Trust U/D/T/ dated March 10, 1992 (the "Post Trust"), with such liens and other interests to attach to the sale proceeds with the same validity, priority, and extent as such liens and other interests were attached to the Subject Property;

15  4. Authorizing the Trustee to pay all costs of sale including broker's commissions, and such other unanticipated incidental or nominal items as may be necessary to close escrow on the Subject Property, not to exceed an aggregate of $2,500.00 pursuant to a demand in escrow and subject to the Trustee's review and approval prior to distribution;

20  5. Authorizing the Trustee to execute any and all documents and take all actions necessary or appropriate to effectuate the sale;

22  6. Authorizing the Trustee to pay the undisputed portions of the claims secured by liens against the Subject Property that are in her discretion not in dispute;

25  7. Compelling escrow for sale of the Property to close within ten (10) Court days following the entry of an order approving the Motion;

27  8. Waiving the ten (10) day stay as provided in Federal Rules of Bankruptcy Procedure 6004(h);

1  9.   Reserving exclusive jurisdiction to enforce the terms of, and/or resolve any disputes related to, the Trustee's sale of the Subject Property and/or the Court's order on this Motion;

10.  Concluding that to the extent the successful purchaser fails to timely consummate the purchase of the Property, the estate shall retain as liquidated damages for such failure, the $54,000 deposit tendered to the Trustee in connection with such Property, which deposit shall be retained free and clear of any and all claims; and

11.  Granting such other relief as the Court deems just and proper.

DATED:  May 7, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By:  /s/ Tamar Kouyoumjian
     Alan G. Tippie
     Tamar Kouyoumjian
     Special Bankruptcy Counsel for Weneta M.A. Kosmala, Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A. The Debtor And The Appointment Of A Chapter 11 Trustee

Zolite A. Scott (the "Debtor") filed an emergency voluntary chapter 11 petition on July 9, 2008. Until her death, the Debtor remained in possession of her assets and operated her business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

On November 17, 2009, the Debtor passed away and, on December 4, 2009, the Office of United States Trustee (the "OUST") moved to appoint a chapter 11 trustee. Following approval of the motion, on December 17, 2009 the OUST filed an application to appoint Weneta M.A. Kosmala as the chapter 11 trustee (the "Trustee"). That appointment was subsequently approved by this Court.

### B. The Bankruptcy Case

During the nearly sixteen and one half months while this chapter 11 case was managed by Ms. Scott as a debtor in possession the Subject Property was "on the market," with Ms. Scott serving as an owner and broker.[1] Regardless, no offer for the Subject Property was received by the Debtor during her tenure and no motion to approve a sale of the Subject Property was presented to the Court.

Then, less than one month prior to her death, and on October 30, 2009, the Debtor filed a chapter 11 plan of reorganization (the "Plan"). Under the terms of the Plan, the Debtor intended to (1) restructure the terms of the existing loans which encumber her real properties, (2) obtain additional time to market and sell the real properties, and (3) utilize the proceeds of any such sales of the real properties to accomplish payments under the Plan.

---

[1] According to declarations on file with this Court, Ms. Scott has been a broker licensed by the State of California since 1974.

TKOUYOUMJIAN\ 631031.1                                      - 5 -

**C.    The Subject Property**

Prior to commencing the instant bankruptcy case, the Debtor acquired the Subject Property, which became an asset of the Estate on the commencement of the case and continues to be an asset of the Estate. The Legal Description for the Subject Property is found on page 3 of the Preliminary Title Report (the "PTR"), a true and correct copy of which is attached as Exhibit "2" to the Kosmala Declaration.

As reflected in the PTR, Bankers West Mortgage ("Bankers West") holds a first deed of trust against the Subject Property. In reliance on the proof of claim filed by Bankers West in the case, the Trustee has calculated the debt secured by that lien as of the time of the hearing on the Motion to be approximately $326,567.[2]

Recently filed documents further reflect that a 71.38% undivided interest in the first trust deed was assigned by Bankers West to Carlton A. Post and Cheryl L. Post, Trustees of the Carlton A. Post and Cheryl L. Post Trust U/D/T/ dated March 10, 1992 (the "Post Trust"). The Orange County Tax Collector (the "Tax Collector") also shows on the PTR as the holder of real property tax liens against the Subject Property.

After her appointment, the Trustee retained real estate agents Clarence Yoshikane and John McMonigle, of Prudential Realty and Coldwell Banker, respectively, to collectively market and sell the properties on behalf of the Estate. On April 8, 2010, the Court entered an order approving the employment of Prudential Realty and Coldwell Banker.

**D.    The Proposed Sale**

Subject to Court approval, the Trustee has agreed to sell the Subject Property to Yoshihiro and Emi Maruyama (the "Proposed Buyers") for the sum of $540,000.

---

[2] The Trustee requests that the Court take judicial notice of the proof of claim of Bankers West filed in this case on November 4, 2008, given claim no. 19. That claim asserts that the deed of trust secures a $250,000 note, which as of the date of filing had increased to $273,859.29 and that it accrues interest at 11% per annum. From the date of the filing until the hearing date, there would be approximately 23 months of interest for a total of $52,708. Added together, the secured claim as of June 1, 2010 would be approximately $326,567.

Alternatively, the Trustee will sell to a higher bidder in accordance with the overbid procedures, described below. The sale is to be free and clear of liens and other interests. Sale of the Subject Property to either the Proposed Buyers or a Qualified Overbidder (defined below) will be governed by the terms and conditions outlined in the *California Association of Realtors Purchase Agreement and Addendum to Purchase Agreement* (the "Purchase Agreement"), a true and correct copy of which is attached as Exhibit "1" to the Kosmala Declaration.

## II.

## THE SALE SHOULD BE APPROVED BECAUSE IT IS SUPPORTED BY A GOOD BUSINESS JUSTIFICATION AND IS IN THE BEST INTEREST OF THE ESTATE

Bankruptcy Code section 363 allows a trustee to sell property of the estate outside the ordinary course of business. See 11 U.S.C. § 363(b)(1). A trustee may sell assets outside of the ordinary course of business under section 363 prior to acceptance of and outside a plan of reorganization. See *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986); *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines. Inc.)*, 780 F.2d 1223, 1227-28 (5th Cir. 1986); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

Before approving a proposed sale, courts require that the trustee articulate some business justification for the sale. See, e.g., *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (9th Cir. B.A.P. 1988) (citing *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986)). Whether the proffered business justification is sufficient depends on all salient factors, including the value of the property, whether the property is increasing or decreasing in value, etc. See, e.g., *In re Walter*, 83 B.R. at 20.

The aforementioned standard has been satisfied in this case. First, the proposed sale will provide a clear benefit to the Estate — *i.e.*, $540,000 in gross proceeds, less costs of sale (brokers' commission of 10% and an estimated 1% for other expenses). Presuming a sales price of $540,000, the Estate should net no less than $145,600 from the sale. This amount is reached by deducting from the gross sales proceeds ($540,000) projected brokers' commissions and selling and escrow costs of an aggregate of 11% of the purchase price ($59,400), an amount to cover the first deed of trust (estimated for purposes of this analysis at $330,000), and real property taxes of approximately $5,000. Secondly, this is an arms-length transaction. The Proposed Buyers are not related to anyone connected with the Trustee or the Estate, and are not "insiders." Third, the Proposed Buyers have made an earnest money deposit of $54,000.

Additionally, this case has been pending for 22 and approaching 23 months. The Trustee desires to sell properties of the Estate and make payments to reduce the significant amount of debt that burdens this Estate, and to diminish the ongoing accrual of interest. Currently, the debt secured by real property of the Estate exceeds $21 million, and the estimated monthly accrual of interest and real estate taxes is over $168,000.00. For the aforementioned reasons, it is the Trustee's business judgment that the proposed sale, subject to overbid, is in the best interest of the Estate and should be approved.

### III.

### OVERBIDDERS ARE WELCOME AT THE HEARING TO APPROVE THE SALE

Implementation of bidding procedures is an action outside of the ordinary course of business. 11 U.S.C. § 363(b)(1) provides that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Furthermore, under 11 U.S.C. § 105(a), "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This includes entering an order establishing overbid procedures. *In re Crown Corp.*, 679 F. 2d 774 (9th Cir. 1982).

TKOUYOUMJIAN\631031.1

- 8 -

The Trustee proposes that the Proposed Buyers offer be subject to overbid. Other qualified buyers may submit overbids at the hearing to approve the sale. If an overbidder does appear, the Trustee requests that the Court adopt the following overbid procedures and requirements:

1. Only Qualified Bidders may submit an overbid. A "qualified bidder" is one who provides evidence of pre-qualification for any loan upon which the bidder will rely in funding a purchase of the Subject Property, a financial statement and such business and banking references as are required in Trustee's reasonable discretion sufficient to assure Trustee of the bidder's ability (based upon availability of financing, experience or other conditions) to consummate the purchase of the Subject Property, and such other proof that the bidder is one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the attached Purchase Agreement (collectively, the "<u>Supporting Documentation</u>");

2. The initial bid and Supporting Documentation of any Qualified Bidder must be received by the Trustee no later than three (3) business days prior to the hearing on this Motion;

3. The initial minimum overbid price shall be no less than $10,000.00 over the original offer. Subsequent bidding increments shall be no less than $1,000.00 or such minimum increments as the Court may fix;

4. Each bid must be all cash, non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreement;

5. A Qualified Bidder must be able to close escrow within ten (10) Court days following the entry of an order approving the sale;

6. Each Qualified Bidder must make an "earnest money" deposit equal to ten percent (10%) of the proposed purchase price as set forth hereinabove, plus the $10,000 initial overbid. The deposit must be in cash, cashier's check, certified check or irrevocable letter of credit, and must be deposited with the Trustee so that the Trustee will have access to said funds no later than three (3) business days prior to the hearing on

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

this Motion; and

7. Each Qualified Bidder must agree that if said Qualified Bidder is the successful bidder, he/she/it will reimburse the Proposed Buyers for actual costs incurred in connection with the Proposed Buyers' offer, up to $10,000. Reimbursable costs mean costs incurred by the Proposed Buyers that relate to the Subject Property and produce a product that can and will be provided to the successful overbidder. The Trustee will attempt to ascertain what if any costs may fall under this category prior to the due date for the submission of overbids.

The foregoing procedures will provide for an orderly completion of the sale of the Subject Property by permitting all bidders to compete on similar terms, and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the Estate.

## IV.

## THE SALE SHOULD BE FREE AND CLEAR OF LIENS AND OTHER INTERESTS

Bankruptcy Code section 363(f) provides that a trustee or debtor in possession may sell property of the estate free of any interest in such property of an entity other than the estate if:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Trustee is aware of the following asserted liens or other interests in the Property: (1) a lien asserted by Bankers West Mortgage in the projected amount on the

1 | day of the hearing on this Motion of $325,558; and (3) tax liens asserted by the Tax
2 | Collector. See Exhibit "2" (Preliminary Title Report). Additionally, the Post Trust asserts
3 | an interest in the Subject Property. The Trustee requests that the Subject Property be
4 | sold free and clear of the Bankers West lien and the Post Trust's interest. The claims of
5 | the Tax Collector will be paid from the proceeds of the sales.

6 |     First, the Subject Property may be sold free of the interests of Bankers West and
7 | the Post Trust pursuant to section 363(f)(3). The interests of these parties are liens.
8 | Based on the proof of claim filed by Bankers West, the projected amount of the claim
9 | secured by the lien is calculated to be $326,567[3] (Claim No. 19), a true and correct copy
10 | of which is attached as Exhibit "3" to the Kosmala Declaration. Furthermore, based on
11 | the amended proof of claim filed by the Tax Collector, the current value of the Tax
12 | Collector's lien is $4,281.86[4] (Claim No. 10), a true and correct copy of which is
13 | Exhibit "4" to the Kosmala Declaration attached hereto. Based on the aforementioned
14 | figures, it is clear that the aggregate value of all liens is less than price at which the
15 | Subject Property is to be sold ($540,000) and the projected net proceeds of $480,600
16 | (sales price less 11%). Therefore, the Subject Property may be sold free of such
17 | interests pursuant to Bankruptcy Code section 363(f)(3).

18 |     Moreover, to the extent Bankers West and the Post Trust do not oppose this
19 | Motion, such failure may be deemed as consent to the sale free of their respective
20 | interest. See, e.g., *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002),
21 | *cert. denied,* 538 U.S. 962, 123 S. Ct. 1769, 155 L. Ed. 2d 513 (2003). Consequently,
22 | unless these parties oppose the Motion, the Subject Property may also be sold free of

---

[3] The Trustee requests the Court to take judicial notice of the proof of claim filed by Bankers West (Claim No. 19) on November 4, 2008, in the amount of $272,850.17, pursuant to Rule 201 of the Federal Rules of Evidence.

[4] The Trustee requests the Court to take judicial notice of the amended proof of claim filed by the Orange County Tax Collector (Claim No. 10) on February 10, 2010 which asserts a claim against the Subject Property of $4,495.95, pursuant to Rule 201 of the Federal Rules of Evidence.

such interests pursuant to Bankruptcy Code section 363(f)(2).

The aforementioned interests of Bankers West and the Post Trust shall attach to the sale proceeds. The Trustee has not yet fully analyzed the validity and asserted values of the claims of these parties. However, to the extent the Trustee has reviewed and does not dispute the claims and lien entitlement, the Trustee may pay these parties any undisputed portion of their claims either through escrow or after closing.

## V.

## **PROPOSED DISTRIBUTION OF SALE PROCEEDS**

By this Motion, the Trustee seeks authority for the distribution of sales proceeds through escrow as follows:

1. For normal closing costs;

2. Payment of any real property taxes that encumber the Subject Property, pursuant to a demand in escrow, and subject to the Trustee's review and approval prior to distribution;

3. Subject to the discretion of the Trustee, for the payment of any liens encumbering the Subject Property, including the claims of Bankers West Mortgage and any interest asserted by the Post Trust;

4. For the payment of realtors commissions to the Trustee's agents, as proposed in the Purchase Agreement;

5. For such other unanticipated incidental or nominal items as may be necessary to close escrow on the Subject Property, not to exceed an aggregate of $2,500.00 pursuant to a demand in escrow and subject to the Trustee's review and approval prior to distribution.

///
///
///
///

## VI.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court:

1. Authorize the Trustee to sell the Property to the Proposed Buyers on the terms and conditions outlined in the Purchase Agreement, or alternatively, to a higher bidder;

2. Find that successful purchaser has acted in good faith as described in 11 U.S.C. § 363(m);

3. Deem the sale to be free and clear of all liens and other interests pursuant to 11 U.S.C. § 363(f), including but not limited to the interest of Bankers West Mortgage and Carlton A. Post and Cheryl L. Post, Trustee of the Carlton A. Post and Cheryl L. Post Trust U/D/T/ dated March 10, 1992 (the "Post Trust"), with such liens and other interests to attach to the sale proceeds with the same validity, priority, and extent as such liens and other interests were attached to the Subject Property;

4. Authorize the Trustee to pay all costs of sale, including broker's commissions, and such other unanticipated incidental or nominal items as may be necessary to close escrow on the Subject Property, not to exceed an aggregate of $2,500.00 pursuant to a demand in escrow and subject to the Trustee's review and approval prior to distribution;

5. Authorize the Trustee to execute any and all documents and take all actions necessary or appropriate to effectuate the sale(s);

6. Authorize the Trustee to pay the undisputed portions of the claims secured by liens against the Subject Property that are in her discretion not in dispute;

7. Compel escrow for sale of the Property to close within ten (10) Court days following the entry of an order approving the Motion;

8. Waive the ten (10) day stay as provided in Federal Rules of Bankruptcy

1 |     Procedure 6004(h);

2 | 9. Reserve exclusive jurisdiction to enforce the terms of, and/or resolve any disputes related to, the Trustee's sale of the Subject Property and/or the Court's order on this Motion;

5 | 10. Conclude that to the extent the successful purchaser fails to timely consummate the purchase of the Property, the estate shall retain as liquidated damages for such failure, the $54,000 deposit tendered to the Trustee in connection with such Property, which deposit shall be retained free and clear of any and all claims; and

10 | 11. Grant such other relief as the Court deems just and proper.

DATED: May 7, 2010

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By: /s/ Tamar Kouyoumjian
    Alan G. Tippie
    Tamar Kouyoumjian
    Special Bankruptcy Counsel for
    Weneta M.A. Kosmala, Chapter 11 Trustee

TKOUYOUMJIAN\ 631031.1

- 14 -

# DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare as follows:

1. I am the duly appointed and acting chapter 11 Trustee of the bankruptcy estate (the "Estate") of Zolite A. Scott (the "Debtor"). Except as otherwise stated, I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the *Motion of Chapter 11 Trustee for Authority To Sell Real Property (2585 Juanita Way, Laguna Beach, CA) Free And Clear Of Liens And Other Interests* (the "Motion").

3. Immediately upon my appointment, I commenced a review of the pleadings, claims, schedules, statements and other documents on file in this chapter 11 case. I have also reviewed and continue to review public records relating to the real properties that are assets of this estate and certain documents recorded in those public records. From my review such documents and records, I have determined the following.

4. The Debtor filed an emergency voluntary chapter 11 petition on July 9, 2008. Until her death, she remained in possession of her assets and operated her business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On November 17, 2009 the Debtor passed away and, on December 4, 2009, the Office of United States Trustee (the "OUST") moved to appoint a chapter 11 trustee. That motion was granted, and I was subsequently appointed as the chapter 11 Trustee by this Court.

6. Included as assets in this estate is the real property located at 2585 Juanita Way, Laguna Beach, California, APN 656-141-15, that by the foregoing Motion is proposed to be sold (the "Subject Property"). In connection with the proposed marketing and sale of the Property, I caused a Preliminary Title Report relating to the Subject Property to be issued by Fidelity National Title Company. A true and correct copy of the

TKOUYOUMJIAN\ 631031.1                                          - 15 -

1  Title Report is attached hereto as <u>Exhibit "2"</u> (the "<u>PTR</u>"). The Subject Property that is
2  covered by the PTR consists of undeveloped land more fully described on page 3 of the
3  Report under "Legal Description."

4      7. According to the PTR, Bankers West Mortgage ("<u>Bankers West</u>") holds a
5  first deed of trust against the Subject Property. According to a claim filed by Bankers
6  West in the case, I have caused to be calculated the amount of the claim secured by that
7  lien as of the time of the hearing on the Motion to be approximately $326,567.

8      8. Recently filed documents further reflect that a 71.38% undivided interest in
9  the first trust deed was assigned by Bankers West to Carlton A. Post and Cheryl L. Post,
10 Trustees of the Carlton A. Post and Cheryl L. Post Trust U/D/T/ dated March 10, 1992
11 (the "<u>Post Trust</u>"). The Orange County Tax Collector (the "<u>Tax Collector</u>") also shows on
12 the PTR as the holder of real property tax liens against the Subject Property.

13     9. Attached hereto as <u>Exhibit "3"</u> is a true and complete copy of the proof of
14 claim on file with the Court by Bankers West, Claim No. 19, filed on November 4, 2008, in
15 the amount of $273,859.29.

16     10. Attached hereto as <u>Exhibit "4"</u> is a true and complete copy of the proof of
17 claim on file with the Court by the Orange County Tax Collector, Claim No. 10, filed on
18 February 10, 2010, which reflects a tax lien against the Subject Property of $4,495.95.

19     11. It appears that the Debtor had the Subject Property on the market while she
20 was a debtor in possession through the records show no offers to purchase the Subject
21 Property. Following my appointment, I retained real estate agents Clarence Yoshikane
22 and John McMonigle, respectively of Prudential Realty and Coldwell Banker, to market
23 and sell the properties on behalf of the Estate. On April 8, 2010, the Court entered an
24 order approving the employment of Prudential Realty and Coldwell Banker.

25     12. Subject to Court approval, I have agreed to sell the Subject Property to
26 Yoshihiro and Emi Maruyama (the "<u>Proposed Buyers</u>") for $540,000.

27     13. Alternatively, I will sell to a higher bidder in accordance with the overbid
28 procedures set forth in the foregoing Memorandum of Points and Authorities.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

14. Sale of the Subject Property to either the Proposed Buyers or a Qualified Overbidder will be governed by the terms and conditions outlined in the respective *California Association of Realtors Purchase Agreement and Addendum to Purchase Agreement* (the "Purchase Agreement"), a true and correct copy of which is attached as hereto as Exhibit "1".

15. The proposed sales will provide a clear benefit to the Estate – i.e., $540,000, less costs of sale (brokers commission of 10% and an estimated 1% for other expenses). Presuming a sales price of $540,000, the Estate should net no less than $145,600 from the sale. This amount is reached by deducting from the gross sales proceeds ($540,000) projected brokers' commissions and selling and escrow costs of an aggregate of 11% of the purchase price ($59,400), an amount to cover the first deed of trust (estimated for purposes of this analysis at $330,000), and real property taxes of approximately $5,000.

16. This is an arms-length transaction.

17. To the best of my knowledge and belief, the Proposed Buyers are not related to anyone connected with myself or the Estate, and are not "insiders".

18. The Proposed Buyers have made an earnest money deposit to purchase the Subject Property of $54,000.

19. This case has been pending for 22 and now approaching 23 months. I desire to sell the property of the Estate and make payments to reduce the significant amount of debt that burdens this Estate, and to diminish the ongoing accrual of interest. Currently, the debt secured by real property of the Estate exceeds $21 million, and the estimated monthly accrual of interest and real estate taxes is over $168,000.00. For the aforementioned reasons, it is my business judgment that the proposed sale, subject to overbid, is in the best interest of the Estate and should be approved.

/ / /

/ / /

/ / /

20.    I request that the Subject Property be sold free and clear of the interests of Bankers West and the Post Trust which interests shall attach to the sale proceeds. I have not yet fully analyzed the validity and asserted values of the claims of Bankers West and the Post Trust.  Upon my review and if there is no dispute of the claims and lien entitlement , I will pay these parties the undisputed portions either through escrow or afterwards.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2010 at Santa Ana, California.

_____
Weneta M.A. Kosmala